**DU GRO FROZEN FOODS, INC., et al., Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 73-1344
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 23, 1973.

Richard G. Tisinger, David H. Tisinger, Carrollton, Ga., for plaintiffs-appellants.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., John W. Stokes, Jr., U. S. Atty., William D. Mallard, Jr., Asst. U. S. Atty., Atlanta, Ga., Jerome Fink, Lawrence R. Jones, Jr., U. S. Dept. of Justice, Washington, D. C., for defendant-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

In this tax refund suit the issue we must decide is the familiar one whether pro rata advances by three shareholders to their corporation, Du Gro Frozen Foods, Inc., were debt or equity. We agree with the reasoning of the district court, expressed in an opinion published in 73–1 U.S. Tax Cases ¶ 9164 (Commerce Clearing House), which denied the refunds by holding that the advances by the shareholders were contributions to capital (equity) and not loans (debt).

Several of the notes evidencing the alleged debt could not even be found by some of the shareholders. None of the

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

notes specified a rate of interest. Instead, as one shareholder testified: "What we did—this was the agreement to start with, that we would pay whatever the prevailing rate was at that particular time . . . ." It was unclear when the corporation was required to repay the principal on said notes.

The corporation was thinly capitalized. As the district court noted, the debt-to-equity ratio was approximately 12 to 1 at one time and then soon rose to 20.5 to 1.

Finally, another important factor, as we observed in Midland Distributors, Inc. v. United States, 5 Cir., 1973, 481 F.2d 730, is whether the advances were subject to the fortunes of the venture. In the present case the district court emphasized that the notes were unsecured, and the only customer of the corporation initially was another business owned by the shareholders. It is clear, therefore, that the notes would not likely be repaid unless the shareholders' enterprises succeeded. Thus the advances were essentially equity investments.

Affirmed.